**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Young, | No. CV-20-08077-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Owners Insurance Company, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to

|   |   |
|---|---|
| 1 | invoke diversity jurisdiction should be able to allege affirmatively the |
| 2 | actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, |
| 3 | 857 (9th Cir. 2001). |
| 4 | A corporation, whether incorporated in a state of the United States or in a foreign |
| 5 | country, is "deemed a citizen of its place of incorporation and the location of its principal |
| 6 | place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 |
| 7 | F.3d 987, 990 (9th Cir. 1994). |
| 8 | As to individual natural persons, an allegation about an individual's residence does |
| 9 | not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It |
| 10 | has long been settled that residence and citizenship [are] wholly different things within |
| 11 | the meaning of the Constitution and the laws defining and regulating the jurisdiction of |
| 12 | the . . . courts of the United States; and that a mere averment of residence in a particular |
| 13 | state is not an averment of citizenship in that state for the purpose of jurisdiction." |
| 14 | *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural |
| 15 | person must first be a citizen of the United States. The natural person's state citizenship |
| 16 | is then determined by her state of domicile, not her state of residence. A person's |
| 17 | domicile is her *permanent* home, where she resides with the intention to remain or to |
| 18 | which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations |
| 19 | omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] |
| 20 | notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the |
| 21 | party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to |
| 22 | specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity |
| 23 | jurisdiction."). |
| 24 | Plaintiff brings this action asserting diversity as the sole basis of the Court's |
| 25 | subject matter jurisdiction. (Doc. 1 ¶ 2.) Plaintiff failed to allege his own *citizenship*. |
| 26 | (*Id.* ¶ 5.) Plaintiff also failed to allege the place of incorporation of both defendants. |
| 27 | (Doc. 1 ¶¶ 6, 7.) |
| 28 | |

Plaintiff must amend the Complaint to correct these deficiencies.[1]  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Accordingly,

**IT IS ORDERED** that no later than **April 29, 2020,** Plaintiff shall file an amended complaint properly alleging the citizenship of each party.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court, without further notice, shall dismiss this case without prejudice for lack of subject matter jurisdiction.

Dated this 15th day of April, 2020.

_____
Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

- 3 -